IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-PO-00189-DRB |
| | ) | WO |
| SAM CHILDREE | ) | |

**<u>ORDER ON MOTION</u>**

Submitted for consideration in the context of the Speedy Trial Act, 18 U.S.C.§3161, is Defendant's *Unopposed Motion to Continue Trial,* now scheduled on November 6, 2006 (Doc. 11, October 19, 2006).

While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §

3161(h)(8)(B)(iv).

On August 8, 2006, the United States filed a one-count Information charging that the Defendant did intentionally cause physical injury to a person; following his arraignment on September 28, 2006, the court set a jury trial for November 6, 2006. As grounds for continuing trial from the November 6, 2006 trial docket, the Defendant reports that he has submitted a request for pretrial diversion in this case. Special Assistant United States Attorney Captain Nate Golden is recommending to Assistant United States Attorney Kent Brunson that the request be approved. Additional time is needed to process this request.

Accordingly, pursuant to 18 U.S.C.§3161(h)(8)(A) and (B), the court finds that the ends of justice served by granting the motion outweigh the interests of the public and the defendant in a speedy trial. **Defendant's *Unopposed Motion to Continue Trial* (Doc. 11) is GRANTED to the extent that jury selection and trial are continued to the Montgomery misdemeanor term set on January 8, 2007,** with any requested voir dire questions and jury instructions to be filed not later than one week before jury selection.

Done this 20th day of October, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE